# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| GAY DENISE HAGAN, ) a/k/a DENISE EDGAR, SCDC ID #189102, ) a/k/a GAY D. HAGAN, a/k/a DENISE ) HAGAN, a/k/a DENISE EDGAR HAGAN, ) ) Petitioner, ) ) v. ) ) ) ANGELIA RAWSKI, ) WARDEN, CORRECTIONAL ) INSTITUTION, ) ) Respondent. ) _____) | CIVIL ACTION NO. 9:13-723-DCN-BM **REPORT AND RECOMMENDATION** |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on March 13, 2013.[1]

The Respondent filed a return and motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on August 9, 2013. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on August 12, 2013, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if she failed to respond adequately, the Respondent's motion may be granted, thereby ending her case. Petitioner thereafter filed a memorandum in opposition to summary

---

[1]Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).



judgment on August 29, 2013. This matter is now before the Court for disposition.[2]

## **Procedural History**

Petitioner was indicted in the October 2003 term of the State Grand Jury in Columbia, South Carolina for trafficking methamphetamine more than 100 grams (conspiracy) and for trafficking methamphetamine 400 grams or more [Indictment No. 03-GS-47-12]. See Court Docket No. 21. Petitioner was represented by Jack Swerling, Esquire. After trial by a jury on March 8-11, 2004, Petitioner was found guilty on both charges and sentenced to thirty (30) years imprisonment for trafficking methamphetamine more than 400 grams, and twenty-five (25) years, concurrent, for trafficking methamphetamine 100 grams or more.[3] (R.pp. 974-975, 979).

Petitioner timely filed a direct appeal. Petitioner was represented on appeal by Eleanor Duffy Cleary, Assistant Appellate Defender with the South Carolina Office of Appellate Defense, who filed an Anders[4] brief requesting to be relieved and raising the following issue:

> Did the trial judge err in refusing to suppress the evidence of [Petitioner's] statements to police which were made as a result of police coercion?

See Court Docket No. 21-1, p. 4.

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]Petitioner was also fined $200,000 for the trafficking of 400 or more grams of methamphetamine conviction, and another $100,000 for the conspiracy to traffic conviction.

[4]Anders v. California, 386 U.S. 738 (1967). Anders requires appointed counsel who seeks to withdraw because no nonfrivolous issues exist for review must submit a brief referencing anything in the record that arguably could support an appeal; a copy of that brief must be furnished to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct an independent and complete examination of the proceedings to determine if further review is merited. See Anders, 386 U.S. at 744.



Petitioner also submitted her own <u>pro</u> <u>se</u> brief dated May 30, 2006 as a supplement to appellate counsel's brief, in which she raised the following issue:

> Did the trial judge err in refusing to suppress the evidence obtained with a search warrant that lacked probable cause and was brought forth with a reckless disregard for the truth by the SLED agent presenting the affidavit to the issuing judge? [Petitioner also listed five reasons the warrant was improper].

<u>See</u> Court Docket No. 21-3, pp. 5, 7-11.

On April 4, 2007, the South Carolina Court of Appeals dismissed the appeal and granted counsel's request to be relieved. <u>See</u> Court Docket No. 21-4. After the Court issued its order, Petitioner's newly retained private counsel filed a Motion for Leave for Newly Retained Counsel to file Brief of Appellant on April 10, 2007, which was denied on April 18, 2007. <u>See</u> Court Docket Nos. 21-6, 21-8. The Remittitur was sent down on April 23, 2007. <u>See</u> Court Docket No. 21-5.[5]

Petitioner then filed an Application for Post Conviction Relief ("APCR") in state circuit court on January 8, 2008. <u>Hagan v. State of South Carolina</u>, No. 2008-CP-01-004. (R.pp. 1006-1024). Petitioner raised the following issues in her APCR:

**Ground One:** Prosecutorial misconduct;

**Ground Two:** Ineffective assistance of counsel[6];

**Ground Three:** Denial of due process.

---

[5]The file also contains documents labeled Motion for Vacatur of Judgment of Conviction (which is not filed or dated, but has a case number of Petitioner's criminal case) and Memorandum of Law (Directed Verdict of Acquittal should have been granted) dated November 11, 2007 (which also does not reflect any filing date). (R.pp. 1027-1035).

[6]Petitioner listed twenty-nine separate reasons for how her trial counsel was ineffective. (R.pp. 1014-1024).



(R.p. 1008).

Petitioner was represented in her APCR by Rodney Richey, Esquire, and an evidentiary hearing was held on July 17, 2009. (R.pp. 1046-1091). On June 1, 2010, the PCR Judge's written order dated May 28, 2010 was filed, denying Petitioner's APCR in its entirety. (R.pp. 1092-1101).

Petitioner appealed the denial of her APCR[7], and continued to be represented in her appeal by Rodney Richey, who filed a <u>Johnson</u>[8] petition seeking to be relieved and raising the following issue:

> The lower court erred in dismissing petitioner's [ARCR] because counsel was ineffective for failing to challenge the chain of custody and stipulation to drug test.

<u>See</u> Court Docket No. 21-11.

Petitioner did not file a <u>pro se</u> response to the <u>Johnson</u> petition. The South Carolina Supreme Court transferred the matter to the South Carolina Court of Appeals; <u>see</u> Rule 243 (l), South Carolina Appellate Court Rules ("The Supreme Court may transfer a case filed under this rule to the South Carolina Court of Appeals."); and by Order dated January 25, 2013, the South Carolina Court of Appeals denied the petition. <u>See</u> Court Docket No. 21-16.[9] The Remittitur was sent down on February 12, 2013. <u>See</u> Court Docket No. 21-17.

After receiving the South Carolina Court of Appeals' decision denying the appeal of

---

[7]The Appeal was initially dismissed because of a discrepancy regarding the ordering of the transcript of the proceedings below. Petitioner filed a motion to restore the appeal on August 8, 2010, which was granted, and the appeal was reinstated on August 13, 2010. <u>See</u> Court Docket Nos. 21-12 & 21-13.

[8]<u>Johnson v. State</u>, 364 S.E.2d 201 (S.C. 1998); <u>see also</u> <u>Anders</u>, 386 U.S. at 744.

[9]The decision by the Court of Appeals was the final decision of the state court, as the South Carolina Supreme Court has barred the filing of petitions to review orders by the Court of Appeals denying certiorari review in PCR appeals. <u>See</u> <u>Missouri v. State</u>, 663 S.E.2d 480 (S.C. 2008).



her APCR, Petitioner filed this federal habeas corpus petition, raising the following issues:

**Ground One**: Directed Verdict of Acquittal should have been granted.

**Ground Two:** Defendant was denied her right to confront the state's witness concerning the actual existence evidence, a fatal constitutional defect.

**Ground Three**: The Search Warrant was fatally defective and all seized evidence should be suppressed.

See Petition, Attachments.[10]

## Discussion

Respondent has moved for summary judgment on all of Petitioner's claims. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

## I.

Initially, Respondent argues that Grounds One and Two of the Petition are

---

[10]Prior to listing her grounds in the attachment to her Petition, Petitioner lists supporting facts for those grounds in her attachment.

5



procedurally barred from review because they were not properly presented and preserved for review by Petitioner in her state court proceedings.

In Ground One, Petitioner alleges that a Directed Verdict of Acquittal should have been granted. Although Petitioner's counsel moved for a directed verdict at trial, that motion was based on different grounds than Petitioner sets forth in this federal habeas petition. At trial, Petitioner's counsel moved for a directed verdict on the basis that the State could not use one statute to charge Petitioner with two different crimes (i.e., possession and conspiracy). (R.pp. 749-750). Trial counsel also argued that since the date of possession was included in the dates involved in the alleged conspiracy, Petitioner could not be charged separately in two counts. (R.p. 751). However, in this federal petition, Petitioner contends that the trial court erred in not granting a directed verdict because the State only presented hearsay evidence, which is an entirely different argument. With respect to Ground Two of this Petition, Petitioner asserts that she was denied her right to confront the State's witness (a chemist) concerning the actual existence of evidence, a fatal constitutional defect. However, Petitioner never raised this issue at the trial level, so it was not preserved for appellate review. See Petitioner's Brief, pp. 3-4. Therefore, even if her counsel had attempted to raise it on appeal or Petitioner had raised it in her pro se brief, it would have been procedurally barred. State v. Dunbar, 587 S.E.2d 691, 693-694 (S.C. 2003)["In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge. Issues not raised and ruled upon in the trial court will not be considered on appeal."]

Since Petitioner did not move for a directed verdict on the basis of her allegations in Ground One and did not make a contemporaneous objection at trial as to Ground Two, these issues were not properly preserved for appeal in Petitioner's lower state court proceedings. See State v.



Dunbar, 587 S.E.2d at 693-694; State v. Kennerly, 503 S.E.2d 214, 221 (S.C.Ct.App. 1998), aff'd on other grounds, 524 S.E.2d 837 (S.C. 1999)["[I]ssues not raised to the trial court in support of the directed verdict motion are not preserved for appellate review."]; State v. Russell, 546 S.E.2d 202, 204 (S.C.Ct.App. 2001)[same]. Because Petitioner did not properly raise and preserve these issues in her state court proceedings, they are barred from further state collateral review; Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); and as there are no current state remedies for Petitioner to pursue these issues, they are fully exhausted. Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

However, even though exhausted, because these issues were not *properly* pursued and exhausted by the Petitioner in the state court, federal habeas review of these claims is now precluded absent a showing of cause and prejudice, or actual innocence. Martinez v. Ryan, 565 U.S. ___, ___, 132 S.Ct. 1309, 1316  (2012); Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d



765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

With respect to a showing of cause, Petitioner argues that, to the extent these issues are procedurally defaulted, she should still be allowed to pursue them because any default is due to ineffective assistance of her trial counsel, and the United States Supreme Court has held that "if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State . . . Ineffective assistance of counsel, then, is cause for procedural default."  Murray, 477 U.S. at 488; see also  Coleman v. Thompson, supra; McCleskey v. Zant, 499 U.S. 467, 494 (1991); Noble v. Barnett, 24 F.3d 582, 586, n.4 (4th Cir. 1994)("[C]onstitutionally ineffective assistance of counsel is cause per se in the procedural default context"); Smith v. Dixon, 14 F.3d 956, 973 (4th Cir. 1994)(en banc).  Therefore, a determination must be made whether trial counsel was ineffective.

The purported ineffectiveness of trial counsel for failing to move for a directed verdict on the basis set forth in Ground One has not previously been asserted, but the claim relating to Petitioner not being allowed to confront the chemist was raised in Petitioner's APCR, where Petitioner had the burden of proving the allegations in her petition, as well as on appeal to the State Supreme Court. Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986); see also Court Docket No. 21-11.  The PCR court rejected this claim; see (R.pp. 1097-1098); making



8

relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended.[11] See Hagan v. State of South Carolina, No. 08-CP-01-004. Specifically, the PCR judge found that: 1) Petitioner's testimony regarding trial counsel's alleged failure to investigate and communicate with her was not credible; 2) that trial counsel's testimony was credible; 3) that counsel's vigorous representation was excellent; 4) that Petitioner had not demonstrated any prejudice resulting from any alleged deficient performance by trial counsel; 5) that counsel testified he did not object to any alleged defect in the chain of custody because he did not believe he should "bark at the moon"; 6) that counsel testified that such an objection would not have benefitted Petitioner, and that he did not see any benefit to having the chemist personally testify at trial; 7) counsel testified that this was a strategic decision and that he discussed it with Petitioner; 8) that counsel testified he stipulated to the drug test results because the test was so obvious he saw no benefit to his client refusing to stipulate to the drug test results; 9) that Petitioner offered no evidence or testimony in support of her allegation; 10) that trial counsel's testimony regarding his strategic decisions about objections was credible; 11) that trial counsel's testimony regarding his vigorous representation of Petitioner at trial was credible; 12) that counsel adequately conferred with Petitioner, conducted a proper investigation, was throughly competent in his representation, and that counsel's conduct far exceeded the objective standard of reasonableness; 13) Petitioner failed to prove that counsel rendered ineffective assistance of counsel under prevailing professional norms; 14) that Petitioner failed to present specific and compelling evidence that trial counsel committed either errors or omissions in his representation of the Petitioner; 15) that Petitioner failed to prove that she was prejudiced by trial counsel's

---

[11]Since Petitioner did not raise any issue of ineffective assistance of counsel regarding counsel not moving for a directed verdict on the ground presented herein, the state courts did not make separate findings on that issue.



9

performance.  (R.pp. 1095-1098).

Substantial deference is to be given to the state court's findings of fact.  Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).  See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).  However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion.  Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)).

Nevertheless, to the extent Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000).  See Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a



10

decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim (to the extent raised and properly exhausted in state court) as grounds for cause. Any factual findings which relate to Petitioner's other claim regarding her counsel's alleged ineffectiveness being "cause" for her procedural default on her directed verdict claim, which was not properly presented in her state court proceedings, may also be considered.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. Here, after careful review of the record and the arguments presented, the undersigned finds and concludes for the reasons set forth hereinbelow that Petitioner has made no showing that counsel was ineffective for failing to move for a directed verdict because the State had only presented hearsay evidence, nor has Petitioner made a showing that counsel was ineffective for failing to object to the State not requiring the lab chemist to be present to testify. Smith v. North



<u>Carolina</u>, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

Petitioner's counsel testified at her PCR hearing that,

[Y]ou know as well as I do there was a SLED lab report that said it was methamphetamine in excess of a thousand grams. You know as well as I do having read everything that there was a chain of custody, and it is my practice after 36 years of practicing law that if the State can prove that it is the substance and what they alleged and that they have a chain of custody I don't believe in barking at the moon. So I go ahead and I generally will not require the chemist to come in. I find no benefit to having a chemist come in if there is no question about what the substance is. It doesn't do the client any good. . . .

[I]t's hearsay in the classic sense but it is not hearsay if you have an understanding that you are going to let that officer testify, and it is my practice, as I said, after 36 years that I will do that, allow an officer to testify as to what the weight is or stipulate to the SLED analysis because it's merely barking at the moon to try and do anything else . . .

Well, I think what it does is it's a strategic decision as to whether or not to go ahead and decide to require the chemist to come in, and I've never tried a case yet where I thought it was beneficial to the client to have the chemist come in and talk about methamphetamine or crack cocaine. So we normally stipulate to it and that's been my experience. . . .

It was methamphetamine. I checked it out.

(R.pp. 1055-1056).

Counsel also testified that he discussed this matter with the Petitioner and that she agreed with the decision or he would not have done it. (R.p. 1057).

Although Petitioner argues counsel should have required a lab technician to testify and could have moved for a directed verdict on the basis that the substance was not proven, Petitioner has not shown her counsel was ineffective on this basis. Petitioner has presented no evidence in her federal petition that the substance was not in fact methamphetamine, and there has been no showing that requiring the lab technician to testify would have produced any better results for the Petitioner,



and indeed may have even harmed Petitioner's case. Additionally, after counsel did not object to the testimony coming in through the agent, counsel was not ineffective by then failing to object that the State had not proven that the substance was methamphetamine. The decision to handle this testimony and evidence in this manner was a decision which Petitioner's counsel testified was made by him and agreed to by the Petitioner; (R.pp. 1056-1058); and the PCR court found that Petitioner's testimony at her PCR hearing on this issue was not credible and that Petitioner failed to meet her burden of proof. Petitioner has failed to show any reversible error in this finding. <u>Smith</u>, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

   While the decisions of trial counsel are always subject to being second guessed with the benefit of hindsight, tactical and strategic choices made by counsel after due consideration do not constitute ineffective assistance of counsel. <u>Strickland</u>, 466 U.S. at 689. There is a strong presumption that counsel's conduct during trial was within the wide range of reasonable professional assistance, and this Court should not scrutinize counsel's performance by looking at the decisions made in an after the fact manner. <u>Id</u>. at 688-689; <u>Bunch v. Thompson</u>, 949 F.2d 1354 (4th Cir. 1991), <u>cert. denied</u>, 505 U.S. 1230 (1992); <u>Horne v. Peyton</u>, 356 F.2d 631, 633 (4th Cir. 1966), <u>cert. denied</u>, 385 U.S. 863 (1966); <u>Burger v. Kemp</u>, 483 U.S. 776 (1987); <u>see also Harris v. Dugger</u>, 874 F.2d 756, 762 (11th Cir. 1989), <u>cert. denied</u>, 493 U.S. 1011 (1989) [An informed decision by trial counsel should not be second guessed by a reviewing court.]. Furthermore, Petitioner has presented no evidence in this proceeding to show what requiring the lab technician to testify would have produced. Accordingly, Petitioner has not shown that her counsel was ineffective or that there is a reasonable probability that she would have received relief on either of these defaulted claims if they had been asserted in her trial. <u>Bell</u>, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual



issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence];;

see Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ

of habeas corpus.].

       Having failed to show any ineffective assistance on these claims, Petitioner has failed

to show cause for her procedural default of these issues. Rodriguez v. Young, 906 F.2d 1153, 1159

(7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice

without cause gets a defaulted claim into Federal Court."]. Further, to the extent Petitioner even

somewhat argues that she is actually innocent, cognizable claims of "actual innocence" are extremely

rare and must be based on "factual innocence not mere legal insufficiency." Bousley v. United States,

523 U.S. 614, 623 (1998); see also Doe v. Menefee, 391 F.3d 147 (2d Cir. 2004). Petitioner has

failed to present any new, reliable evidence of any type that was not presented in any of her prior

court proceedings which supports her innocence on the criminal charges to which she was found

guilty. See Schlup v. Delo, 513 U.S. 298, 324 (1995)[to present a credible claim of actual innocence,

a petitioner must "support his allegations of constitutional error with new reliable evidence-whether

it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-

that was not presented at trial."]; Doe, 391 F.3d at 161 (quoting Schlup for the evidentiary standard

required for a court to consider an actual innocence claim). Petitioner has also failed to make any

showing that a fundamental miscarriage of justice will occur if these claims are not considered.

Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159

[a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional

violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v.

Carrier, 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898



F.Supp. 876, 881 (S.D.Fla. 1995).

Therefore, Grounds One and Two of this Petition are procedurally barred from consideration by this Court, and must be dismissed. Id.; see 28 U.S.C. § 2254.

## II.

In Ground Three of her Petition, Petitioner argues that the Search Warrant used in her case was fatally defective and that all of the seized evidence should therefore have been suppressed. While this issue was exhausted at the state level, federal habeas relief is not available on a claim that the trial court admitted evidence obtained in violation of the Fourth Amendment where the Petitioner had a full and fair opportunity to litigate the claim in state court. Stone v. Powell, 428 U.S. 465, 494-495 (1976)["we conclude that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial"]; Boggs v. Blair, 892 F.2d 1193, 1199-1200 (4th Cir. 1989), cert. denied, 495 U.S. 940 (1990). Such is the case here.

The record reflects that Petitioner's trial counsel moved, prior to trial, to suppress the drug and money evidence seized, based on the alleged defective nature of the search warrant. (R.pp. 16-88). Petitioner's counsel attacked in great detail the reliability of the information from the informants and alleged inconsistencies in their statements, arguing lack of reliability, complaints regarding the description of the property to be searched, and that there was no probable cause. (R.pp. 66-85). The trial court denied counsel's motion. (R.pp. 87-88). Petitioner then raised the issue regarding the search warrant being defective in her pro se brief in her direct appeal, which was denied by the South Carolina Court of Appeals. See Court Docket No. 21-3, pp. 5, 7-11; Court Docket No.



21-4.  Although Petitioner disagrees with the factual findings and rulings of the trial court and the South Carolina Court of Appeals, the record reflects that both of these state courts considered and rejected this claim on the merits.

Hence, Petitioner has not shown that she did not have a full and fair opportunity to litigate this claim in state court.  Accordingly, it is not necessary to address the merits of this claim. Stone v. Powell, supra; Boggs, 892 F.2d at 1199-1200; Doleman v. Muncy, 579 F.2d 1258, 1265 (4th Cir. 1978)["[The Court] need not inquire further into the merits of the case . . . unless the prisoner alleges something to indicate his opportunity for a full and fair litigation of his Fourth Amendment claim or claims was in some way impaired."]; cf. Bryant v. Reynolds, No. 12-1731, 2013 WL 4511292, at * 3-4 (D.S.C. Aug. 23, 2013).  This issue is therefore without merit and should be dismissed.

### Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that this petition be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

January 10, 2014
Charleston, South Carolina



16

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

